[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR STAY
The plaintiff landowner is appealing an order of the Commissioner of Environmental Protection (DEP) requiring investigation and remediation of soil and groundwater pollution on the plaintiff's 335 acre property located in Ashford and Willington, Connecticut (site).
The order was affirmed after a contested hearing before a DEP CT Page 14024 hearing officer, and is incorporated in any agency final decision dated October 23, 1998. The final decision sets forth an expeditious time table requiring the plaintiff to take extensive steps to investigate and remediate environmental problems at the site.
The plaintiff has requested a stay and has been awarded a temporary stay of the DEP orders.
The plaintiff's appeal is pursuant to the Uniform Administrative Procedure Act (UAPA) § 4-166, et seq., 4-183. Section 4-183 (f) provides:
 The filing of an appeal shall not, of itself, stay enforcement of an agency decision. An application for a stay may be made to the agency, to the court or to both. Filing of an application with the agency shall not preclude action by the court. A stay, if granted, shall be on appropriate terms.
The standard for a stay has been established in GriffinHospital v. Commission on hospitals Health Care, 196 Conn. 451,456 (1985). The factors to be considered are (1) likelihood of appellant's prevailing, (2) irreparability of injury from implementation of order, (3) effect of stay on other parties to proceeding and (4) the public interest involved.
The court having reviewed the record finds substantial evidence that on the site, both soil and ground water are polluted. The plaintiff as the owner of polluted land is subject to remediation orders, General Statutes § 22-432. Also see § 22a-208a(b) concerning the finding of a solid waste disposal area if a location contains in excess of ten cubic yards of solid waste. Substantial evidence in the record indicates there are several such deposits on the site.
The plaintiff seems unlikely to prevail on the merits.
The plaintiff's claim of selective prosecution imposes an extremely difficult burden on its proponent. Schabel v. Tyler,230 Conn. 735, 762 (1994).
The public interest in remediation of pollution also argues against a stay. CT Page 14025
The motion for stay is denied. The stay is vacated.
The plaintiff is ordered to file its brief by January 12, 1999, the defendant by February 11, 1999. The case will be heard on February 23, 1999 at 10:00 a.m. at 20 Franklin Square, Room 310, New Britain.
Robert F. McWeeny, J.